DAWN C. SWEATT, CA STATE BAR NO. 238005
ALAN LAW, CA STATE BAR NO. 268334
BERLINER COHEN, LLP
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
dawn.sweatt@berliner.com
alan.law@berliner.com

ATTORNEYS FOR DEFENDANT iCIMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VISIER, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>iCIMS, INC., a New Jersey corporation,<br><br>Defendant. | CASE NO. 5:24-cv-07544-SVK<br><br>**DEFENDANT ICIMS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER BASED ON *FORUM NON CONVENIENS*; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Filed Concurrently with Declaration of Alan Law<br><br>Judge: Hon. Susan van Keulen<br>Courtroom: 6<br>Date: January 21, 2025<br>Time: 10:00 a.m.<br><br>Action Filed: October 30, 2024<br>Trial Date: Not Set |

-1-

CASE NO. 5:24-CV-07544-SVK

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................................ 1

II.    LEGAL ARGUMENT........................................................................................................ 1

    A.    This Court Should Disregard the First-to-File Rule. ............................................. 1

    B.    California is an Inappropriate Forum and this Court Should Transfer this Dispute to New Jersey. ......................................................................................... 2

III.    CONCLUSION.................................................................................................................. 7

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Advanta Corp. v. Dialogic Corp.*
   No. C-05-2895, 2006 U.S. Dist. LEXIS 28214
   (N.D. Cal. May 2, 2006) ................................................................................................. 7

*Alltrade, Inc. v. Uniweld Prod., Inc.*
   946 F.2d 622 (9th Cir. 1991) ......................................................................................... 2

*Bozic v. United States Dist. Court*
   888 F.3d 1048 (9th Cir. 2018) ....................................................................................... 1

*Getz v. Boeing Co.*
   547 F. Supp. 2d 1080 (N.D. Cal. 2008) ......................................................................... 5

*Hendricks v. StarKist Co.*
   2014 U.S. Dist. LEXIS 41718
   (N.D. Cal. Mar. 25, 2014) .............................................................................................. 6

*Inherent.com v. Martindale-Hubbell*
   420 F. Supp.2d 1093 (N.D. Cal. Mar. 10, 2006) ....................................................... 2, 3

*Jones v. GNC Franchising, Inc.*
   211 F.3d 495 (9th Cir.2000) .......................................................................................... 3

*Kawamoto v. CB Richard Ellis, Inc.*
   225 F. Supp. 2d 1209 (D. Haw. Sept. 19, 2002) ........................................................... 7

*Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*
   No. 2:13-cv-02311
   2014 U.S. Dist. LEXIS 176327
   (W.D. Wash. Dec. 19, 2014) .......................................................................................... 7

*Livingston v. Pneu-Logic Corp.*
   2021 U.S. Dist. LEXIS 70463
   (N.D. Ca. April 21, 2021) .............................................................................................. 2

*Lou v. Belzberg*
   834 F.2d 730 (9th Cir. 1987) ......................................................................................... 6

*Pacesetter Sys., Inc. v. Medtronic, Inc.*
   678 F.2d 93 (9th Cir. 1982) ........................................................................................... 1

*Right to Life of Cent. Cal. v. Bonta*
   614 F. Supp. 3d 729 (E.D. Cal. 2022) ........................................................................... 3

*Saleh v. Titan Corp.*
   361 F. Supp. 2d 1152 (S.D. Ca. 2005) .......................................................................... 6

*Saunders v. USAA Life Insurance Co.*
    71 F. Supp. 3d 1058
    (N.D. Cal. Oct. 17, 2014) ............................................................................................. 7

*Skanda Group of Industries, LLC v. Capital Health Partner, LLC*
    2020 U.S. Dist. LEXIS 240314
    (C.D. Cal. Dec. 21, 2020) ............................................................................................ 2

*Teichert v. Church of Jesus Christ of Latter-Day Saints*
    2023 U.S. Dist. LEXIS 166007
    (C.D. Ca. 2023) ........................................................................................................... 3

*Tuazon v. R.J. Reynolds Tobacco Co.*
    433 F.3d 1163 (9th Cir. 2006) ..................................................................................... 3

**Statutes**

28 United States Code section 1404(a) ............................................................................ 1, 3, 5, 7

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Visier's Opposition misses the mark, as the only bases for venue in California cited by Visier are the non-exclusive jurisdiction clause in the parties' contract and the fact that it filed first, in California. While Visier argues that it is entitled to deference to its chosen forum, Visier does not – and cannot – dispute that none of the parties have a physical presence in California. Rather, the only "tie" to California is the parties' irrelevant permissive forum selection clause. Further, contrary to the selected citations utilized by Visier in its Opposition, the first-filed doctrine is not a rigid or inflexible doctrine. Rather, and as acknowledged by Visier and argued by iCIMS in its principal Motion, courts in this district routinely look to the factors set forth in 28 USC §1404(a) in determining whether to depart from the rule, including critically the convenience of the parties and witnesses. Here, the balance of relevant factors require dismissal and/or transfer of this action to New Jersey - the *only* appropriate forum for the parties' dispute.

II. **LEGAL ARGUMENT**

    A. **This Court Should Disregard the First-to-File Rule.**

Visier's reliance on the "first-to-file rule" is misplaced because California is not an appropriate venue. The "first-to-file rule" does <u>not</u> trump 28 U.S.C. §1404(a), which allows a district court to transfer a civil action to any district where the case could have been filed for the convenience of the parties and witnesses and in the interests of justice. *See Bozic v. United States Dist. Court*, 888 F.3d 1048, 1054 (9th Cir. 2018) ("the requirements of §1404(a) cabin the exercise of" any discretion a court may have under the first-to-file rule). As set forth below and in iCIMS' principal motion, the factors under 28 U.S.C. § 1404(a) mandate in favor of transfer, and as such, the first-to-file doctrine should not apply, and this Court should transfer this action to the District of New Jersey.

Further, the first-to-file doctrine "is not a rigid or inflexible rule to be mechanically applied, but rather it is applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). A court may dispense of the doctrine

based on equitable factors like forum shopping, anticipatory litigation, bad faith and/or the convenience of the parties and witnesses." *See Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

Here, Visier's argument that it did not file this action in anticipation of litigation is disingenuous in light of the July-September 2024 pre-litigation email exchange between the parties. *See* Declaration of Alan Law ("Law Reply Decl.") ¶9; Exhibit 5. iCIMS' email preceded Visier's filing of this lawsuit by months, where at least a month prior to filing, Visier sought additional information from iCIMS about potential setoffs. *Id*. Visier played coy to extract additional information out of iCIMS and then refused to engage in further discussions, instead rushing to file in California, while leaving iCIMS to believe Visier intended to try and resolve the matter. *See Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. Mar. 10, 2006) (declining to apply the first-filed rule given anticipatory filing and transferring the action to the District of New Jersey). Visier's gamesmanship should not be countenanced, and this Court should decline to apply the first-to-file doctrine.

### B. California is an Inappropriate Forum and this Court Should Transfer this Dispute to New Jersey.

Though Visier appears to spend significant space arguing that iCIMS "cites the incorrect legal standard" because iCIMS seeks *dismissal* based on *forum non conveniens* grounds, Visier conveniently ignores that iCIMS did, and does, in fact seek transfer to the District of New Jersey pursuant to 28 U.S.C. §1404(a) in the alternative to dismissal. *See* Motion, p. 10-11. Notwithstanding, federal courts, including in this district, routinely interpret domestic motions to dismiss on *forum non conveniens* grounds as motions to transfer venue, or alternatively, permit the moving party to seek transfer. *See Skanda Group of Industries, LLC v. Capital Health Partner, LLC*, 2020 U.S. Dist. LEXIS 240314 at *2 (C.D. Cal. Dec. 21, 2020) (noting the "Court interprets defendant's motion to dismiss based on *forum non conveniens* as a motion to transfer . …"); *Livingston v. Pneu-Logic Corp.*, 2021 U.S. Dist. LEXIS 70463, *15 (N.D. Ca. April 21, 2021) (granting motion to dismiss based on *forum non conveniens* grounds without prejudice and further

allowing moving party to notify court if she would like to transfer to a different deferral district court).

Further, the factors that Courts consider when deciding a motion on *forum non conveiens* grounds, as cited in iCIMS' principal motion, are nearly identical to those set forth in 28 USC §1404(a). *Compare* iCIMS' Motion, p. 7 (citing *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1180 (9th Cir. 2006) *with Teichert v. Church of Jesus Christ of Latter-Day Saints*, 2023 U.S. Dist. LEXIS 166007, *8-9 (C.D. Ca. 2023). While the primary factors to consider are the "convenience of witnesses and parties and concerns for judicial economy," the exhaustive list of factors are as follows:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, and (8) the ease of access to sources of proof.

*See id.* (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) and *Right to Life of Cent. Cal. v. Bonta*, 614 F. Supp. 3d 729, 733 (E.D. Cal. 2022)).

Upon weighing these factors, giving great weight to the primary factors, it is clear that New Jersey is the *only* appropriate forum, and this action should therefore be transferred to the District of New Jersey.

First, "the threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. Mar. 10, 2006). iCIMS has met this threshold burden because this suit could have been brought in the District of New Jersey, which is where iCIMS's fraudulent inducement lawsuit against Visier is presently pending. *See iCIMS, Inc. v. Visier, Inc.*, Case No. 3:24-cv-10884-ZNQ-JBD (D.N.J.).

Second, the convenience of witnesses and parties and concerns for judicial economy weigh in favor of having the case heard in New Jersey because iCIMS' representatives and witnesses live

and work in New Jersey. Specifically, iCIMS is a New Jersey corporation with a principal place of business in New Jersey. *See* Law Reply Decl., ¶3. Though this case is in its infancy stages and iCIMS has not yet served Visier with its Rule 26 Initial Disclosures, all pertinent witnesses of iCIMS to be identified in its Initial Disclosures reside and/or work within close proximity to the District of New Jersey. *Id*. at ¶4. These witnesses include, but are not limited to, Diane Fanelli, COO; Chris Milan, VP of Professional Services; Shilpi Khare, Professional Services Solution Architect; and Dave McCarthy, VP Portfolio Director. *Id*. The anticipated testimony of these witnesses concern the formation of the Contract (including the negotiation of the partnership between Visier and iCIMS), the implementation of the Visier solution for iCIMS customers, sales efforts of the product, and the overall relationship and partnership between iCIMS and Visier. *Id*. As for third-party witnesses, such as former iCIMS employees or independent contractors, it is anticipated that these witnesses reside in or around New Jersey, whereby the District of New Jersey would be able to compel their attendance, as opposed to this Court. Further, iCIMS' books and records are located within New Jersey, thus providing far greater access to proofs. *Id*. at ¶5.[1]

Conversely, none of the parties have any physical presence or offices in California, none of the party representatives or witnesses reside in California, and no documents are located in California. *Id*. at ¶¶3-8. In fact, Visier has no operating physical office anywhere in the United States.[2]

Visier's position that California is more convenient is based solely on its position that the parties once had offices in the Bay Area and its "breach of contract claims arise in part out of conduct that occurred in this forum." *See* Opposition, p. 10. However, the fact that the parties once had offices in the Bay Area is irrelevant, as neither party currently operates in the Bay Area, and has not for some time. Further, there can be no dispute that the conduct relevant to this lawsuit

---

[1] Notably, Visier does not identify any potential witnesses that reside within this District.
[2] According to California's Secretary of State business search, Visier has a mailing address in Vancouver, Canada. Similar, Visier's most recent Statement of Information filed with California, dated 2022, lists all officers as located in Vancouver, Canada. Lastly, Visier's own website reveals no offices within the United States. *See* Law Reply Decl., ¶¶6-8, Exhibits 1-4. Further, although the business search appears to identify a "principal address" of 548 Market Street, San Francisco CA (Law Reply Decl., ¶6), at best, this is an old address, as this current property is abandoned/boarded up. *See id*. at ¶6, Exhibit 2.

did not occur in California. iCIMS is headquartered in New Jersey and the substantial part of the events giving rise to the claims thus occurred in New Jersey.[3]

Relatedly, trial would be more expeditious and inexpensive in New Jersey, as compared to California, where all parties and witnesses would need to block substantial time for travel arrangements and re-arrange their work schedules for such substantial time blockage. Litigating in California would also be costly for iCIMS, for these same reasons. Similarly, enforceability of a judgment would present much more difficulty in California, where neither party has assets, as opposed to New Jersey.

Visier does not – and cannot- dispute that it will not be prejudiced if this matter is heard in New Jersey since Visier has the same minimal contacts with both California and New Jersey – only being registered to do business in both states.[4] Accordingly, the critical factors under this Court's analysis pursuant to 28 U.S.C. §1404(a) weigh in favor of transferring this case to New Jersey.

The remaining factors weigh heavily in favor of transferring this case to the District of New Jersey as well. Though Visier suggests that the location where the contract was signed "weighs against transfer," the contract was not executed within California, a critical fact that Visier does not – and cannot – dispute. Rather, the contract was executed electronically by iCIMS personnel located in New Jersey and, upon information and belief, by Visier representatives located in Canada. *See* Law Reply Decl., ¶¶3, 7.

Similarly, while iCIMS does not dispute that the contract contains a California choice-of-law clause, there are no California statutes at play here – rather, the only claims asserted by Visier are breach of contract claims. Visier does not – and cannot – argue that California has some nuanced common law concerning breach of contract claims as opposed to New Jersey.[5]

---

[3] Additionally, iCIMS has asserted claims against Visier in the New Jersey action for, among other things, fraud, which undoubtedly occurred in New Jersey.
[4] Notably, Visier is not up to date on its business registration in California, having failed to file the required Statement of Information for years 2023 and 2024. *See* Law Reply Decl., ¶7, Exhibit 3.
[5] Visier's reliance on *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080 (N.D. Cal. 2008) is inapposite, as that case involved issues of product liability, not common law breach of contract.

Lastly, Visier's claim that it is entitled to significant deference for its chosen forum is against the weight of California law, as Visier is essentially a foreign corporation with no current ties to California.[6]  Rather, Visier's choice of forum before this Court is entitled to significantly *less* weight because no party maintains any physical ties to California and the contract only contains a permissive forum selection clause.  Specifically, "***[a]s recognized by the Ninth Circuit, the Supreme Court has explained*** in the context of a motion to dismiss on forum non conveniens grounds that a foreign plaintiff's [forum] choice deserves less deference than the forum choice of a domestic plaintiff.  Given that the standard for transfer is more easily met than the standard for dismissal on forum non conveniens grounds, ***it is equally appropriate to give less deference to a foreign plaintiff's forum choice where transfer is sought pursuant to § 1404(a)***."). See *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Ca. 2005) (internal citations omitted); *see also Fox Factory, Inc. v. Sram, LLC,* 2023 U.S. Dist. LEXIS 181554, * 6 (C.D. Ca. February 1, 2023) (in pulling and analyzing cases, noting that "California district courts have similarly found that a plaintiff's home forum is district specific" and thus, "minimal deference" is given to a plaintiff who sues outside its "home forum"); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (plaintiff's chosen forum is only afforded "minimal consideration" when "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter"); *Hendricks v. StarKist Co*., 2014 U.S. Dist. LEXIS 41718, at *3 (N.D. Cal. Mar. 25, 2014) ("in determining the appropriate amount of deference to accord plaintiff's choice of forum, courts must consider the extent of the parties' contacts with the chosen forum, including contacts relating to the plaintiff's cause of action.").

It is undisputed that neither Visier nor iCIMS maintain offices in California. Among other things, Visier's publicly available corporate filings confirm it has <u>no</u> contacts or any real connection to California.  See Alan Reply Decl., ¶¶6-8, Exhibits 1-4.

Further, courts in the Ninth Circuit routinely transfer cases from a plaintiff's chosen forum, including those initiated in a permissive forum under the parties' agreement, to a more appropriate

---

[6] Although Visier is incorporated in Delaware, it lacks any meaningful presence in the United States.  See Alan Reply Decl., ¶¶6-8; Exhibits 1-4.

forum pursuant to 28 U.S.C. §1404(a). *See e.g., Advanta Corp. v. Dialogic Corp.*, No. C-05-2895, 2006 U.S. Dist. LEXIS 28214, at *20 (N.D. Cal. May 2, 2006) (although plaintiff filed in California pursuant to the contract's non-exclusive jurisdictional clause, the court granted defendant's motion to dismiss under *forum non conveniens* upon finding that plaintiff was entitled to little or no defense to its forum selection and that India provided for a more convenient forum)*; Saunders v. USAA Life Insurance Co.*, 71 F. Supp. 3d 1058, 1061 (N.D. Cal. Oct. 17, 2014) (transferring action from the Northern District of California to the Western District of Texas pursuant to the 1404(a) factors); *Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, No. 2:13-cv-02311, 2014 U.S. Dist. LEXIS 176327, at *27 (W.D. Wash. Dec. 19, 2014) (granting motion to dismiss on *forum non conveniens* grounds, reasoning that Germany provided for a more adequate and convenient forum); *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1217 (D. Haw. Sept. 19, 2002) (applying the 1404(a) factors and transferring action to the Eastern District of California)). Simply put, there mere fact that Visier initiated suit in California one day before iCIMS filed in New Jersey does not override overwhelming inconvenience that would result from litigating the parties' dispute in California.

### III. CONCLUSION

For all the foregoing reasons, as well as those set forth in iCIMS' principal Motion, iCIMS respectfully requests that this Court grant this Motion and transfer this action to the U.S. District Court for the District of New Jersey, where a dispute between the parties is already pending.

Dated: January 2, 2025                    BERLINER COHEN, LLP

/s/ *Alan Law*
Dawn C. Sweatt
Alan Law
Attorneys for Defendant iCIMS, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, I filed the foregoing document using the Court's ECF system and served the foregoing document via automatic notice of the ECF system to:

Jill B. Rowe
jbrowe@venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco CA 94111

*Attorneys for Plaintiff Visier, Inc.*

          /s/ *ALAN LAW*
          Alan Law