UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISIER, INC., <br><br>        Plaintiff, <br><br>v. <br><br>ICIMS, INC., <br><br>        Defendant. | Case No. 24-cv-07544-SVK <br><br>**ORDER ON MOTION TO DISMISS OR TRANSFER** <br><br>Re: Dkt. No. 13 |

On December 12, 2024, Defendant iCIMS, Inc. filed a motion seeking to dismiss this case based on the doctrine of *forum non conveniens* or, in the alternative, transfer this case to the United States District Court for the District of New Jersey. Dkt. 13. In opposition to the motion, Plaintiff Visier, Inc. argued that dismissal based on *forum non conveniens* is not available where, as here, the alternative forum is another district court, and Plaintiff also offered other arguments why the case should not be transferred. Dkt. 15. In its reply brief, Defendant effectively conceded Plaintiff's point that the *forum non conveniens* doctrine does not apply, instead focusing on arguing why the case should be transferred under 28 U.S.C. § 1404(a). Dkt. 16. Accordingly, the issue now before the Court is whether transfer to the District of New Jersey under section 1404(a) is appropriate.

All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 8, 12. The Court deems the present motion suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the Court **DENIES** Defendant's motion to transfer.

### I.    BACKGROUND

In January 2022, Plaintiff and Defendant entered into a written contract under which Plaintiff agreed to provide Defendant with certain software and related services in exchange for Defendant's payment of subscription fees. Dkt. 1 ¶¶ 9-11. The contract identifies Plaintiff's

address as 548 Market Street in San Francisco, which is in this District. Dkt. 13-3 at PDF p. 2. Paragraph 16.5 of the contract provides in relevant part that "the validity, interpretation and enforceability of the Agreement shall be governed by the laws of the State of California, USA without regard to its conflict of laws principles." *Id.* at PDF p. 3. That paragraph also provides: "The parties hereby submit to the nonexclusive, personal jurisdiction of the state and federal courts located in the County of Santa Clara, California." *Id.*

According to Plaintiff, although Defendant paid monthly fees due under the Parties' contract from January 2022 through April 2023 and one payment in August 2023, it has not made any other payments due under the contract. Dkt. 1 ¶¶ 13-14. This lawsuit followed. Plaintiff alleges asserts claims for breach of contract and breach of the covenant of good faith and fair dealing. Dkt. 1.

Visier filed this lawsuit on October 30, 2024. *Id.* The next day, iCIMS filed suit against Visier in New Jersey state court asserting a single claim for fraudulent inducement based on the same contract at issue in this case. Dkt. 13-1 ¶ 3; Dkt. 13-2. That case was subsequently removed to the United States District Court for the District of New Jersey, where it remains pending. Dkt. 13-1 ¶ 4.

## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) aims "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). It also gives "discretion [to] the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

In making this determination, the Court considers the three factors identified by § 1404(a): (1) the convenience of the parties, (2) the convenience of witnesses and (3) the interest of justice. 28 U.S.C. 1404(a); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279

(9th Cir. 1979).  The Court may also consider and weigh:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

The party seeking to transfer a case bears the burden of demonstrating that the balance of convenience and interests of justice factors "clearly favor transfer." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014).  A transfer is not appropriate if it "merely shift[s] rather than eliminate[s] the inconvenience." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### III. PLAINTIFF'S OBJECTION TO EVIDENCE FILED WITH DEFENDANT'S REPLY BRIEF

Plaintiff objects to Defendant's reply in support of the motion to dismiss (Dkt. 16), as well as the declaration of Alan Law filed with the reply (Dkt. 16-1).[1]  Dkt. 19; *see also* Civ. L.R. 7-3(d)(1) (party may file and serve an objection if new evidence has been submitted in the reply). Plaintiffs argue that Defendant's reply brief and declaration include new evidence and argument concerning witnesses, documents, and Plaintiff's California presence that should and could have been included in Defendant's moving papers.  Dkt. 19 at 1-2; *see also* Dkt. 16:8-15; Dkt. 16-1 ¶¶ 3-7 and Exs. 1-2 thereto.  In Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff pointed out that Defendant had failed to include such evidence with its moving papers and also argued that Defendant should not be permitted to submit such evidence with its reply.  Dkt. 15 at 10:7-13.

Defendant has not identified any reason why it could not have included in its original motion the new evidence submitted with its reply brief.  Withholding such evidence until the reply

---

[1] As Plaintiff notes in its objection to Defendant's reply evidence (Dkt. 19 at 2-3), there is a partial overlap in the contents of and attachments to the original declaration of Alan Law filed with the motion (Dkt. 14-1) and the Law declaration filed with the reply (Dkt. 16-1).

brief is "improper." *See LED One Distrib., Inc. v. C.S. Koida, LLC,* No. 16-cv-4315-PJH, 2017 WL 2021365, at *8 (N.D. Cal. May 12, 2017); *see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1289 n. 4 (9th Cir.2000) ("[I]ssues cannot be raised for the first time in a reply brief."); *Tovar v. U.S. Postal Serv.,* 3 F.3d 1271, 1273 n. 3 (9th Cir.1993) ("To the extent that the [reply] brief presents new information, it is improper."). Accordingly, the Court **SUSTAINS** Plaintiff's objection to Defendant's reply brief and declaration. As discussed below, however, even if the Court considers the late-submitted evidence, it fails to establish that transfer of this case is appropriate.

### IV.   DISCUSSION

Transfer of this action to the District of New Jersey under section 1404(a) is permissible only if this action could have been brought in that district. 28 U.S.C. § 1404(a). Defendant argues, and Plaintiff does not dispute, that this case could have been filed in the District of New Jersey. Accordingly, the Court proceeds in its analysis to consider whether the relevant factors favor or disfavor transfer.

On the factor concerning the convenience of the parties, Defendant relies heavily on an argument that Plaintiff does not have any operations in California. *See* Dkt. 13 at 4; Dkt. 16 at 4. However, the Complaint alleges that Plaintiff's principal place of business is in San Francisco, California, which is in this District. Dkt. 1 ¶ 1. Although Defendant has submitted various documents from the California Secretary of State that reflect additional addresses for Plaintiff, those documents also contain the same San Francisco address for Plaintiff. *See* Dkt. 13-4; Dkt. 13-5.

Defendant also argues that the New Jersey venue would be more convenient for the witnesses. *See* Dkt. 13 at 3; Dkt. 16 at 3-5. "When establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Imran v. Vital Pharmaceuticals, Inc.*, No. 18-cv-05758-JST, 2019 WL 1509180, at *4 (N.D. Cal. Apr. 5, 2019) (internal quotation marks and citations omitted). Defendant failed to provide such details in its moving papers. Even taking into account the additional evidence improperly submitted with Defendant's reply brief, which includes the names, titles, and a general

4

description of topics on which these witnesses may testify (*see* Dkt. 16-1 ¶ 4), Defendant has failed to demonstrate that the convenience of the witnesses warrants transfer of this case. The witnesses identified by name are employees of Defendant (*see id.*), and their inconvenience is "entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." *Imran*, 2019 WL 1509180, at *5 (internal quotation marks and citations omitted). Although Defendant refers to unnamed "third-party witnesses that will be required to testify, such as former iCIMS employees or independent contractors," Defendant states only that "it is anticipated that these third-party witnesses reside in or around New Jersey." Dkt. 16-1 ¶ 4. Defendant fails to specifically identify any third party witnesses, explain the significance of their testimony, or show that their attendance cannot be compelled in this District.

Defendant also argues that access to evidence such as its unspecified "books and records" weighs in favor of the New Jersey forum. Dkt. 16 at 4. The Court also gives this argument little weight, given that "[w]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden." *David v. Alphin*, No. C06-041763 WHA, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007) (citation omitted). Defendant offers no evidence why its "books and records" cannot be produced electronically or shipped with relative ease.

When considering a motion to transfer, a court "must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and other interests of justice." *Chesapeake Climate Action Network*, 2013 WL 6057824, at *3 (citing *Decker Coal*, 805 F.2d at 843). Defendant has not provided any evidence that public interest factors such as court congestion support transferring this case rather than allowing it to proceed in this District.

Other factors that the Court may consider in deciding whether to transfer a case under section 1404(a) also support denial of the motion to transfer. The Parties' contract states that California law governs the validity, interpretation, and enforceability of the contract. Dkt. 13-3 ¶ 16.5. "An important factor in determining whether transfer of venue is warranted is the interest of having the trial in a forum that is familiar with the law." *Jarvis v. Marietta Corp.*, No. C 98-4951 MJJ, 1999 WL 638231, at *6 (N.D. Cal. Aug. 12, 1999) (citing *Decker Coal*, 805 F.2d at

1  843).  Defendant cavalierly dismisses the significance of the choice of law clause by arguing that

2  "the only claims asserted by Visier are breach of contract claims" that do not implicate any

3  "nuanced common law" of California.  Dkt. 16 at 5.  Although the New Jersey court is presumably

4  capable of applying California law, it is self-evident that this Court is more familiar with that law.

5        The Parties' contract specifically selected this Court as a chosen forum, albeit not

6  exclusively so.  Dkt. 13-3 ¶ 16.5 ("The parties hereby submit to the nonexclusive, personal

7  jurisdiction of the state and federal courts located in the County of Santa Clara, California").

8  The Parties also contractually bound themselves to personal jurisdiction in this Court.  *Id*.  Once a

9  contract has been established, § 1404(a) of the United States Code "provides a mechanism for

10 enforcement of forum-selection clauses that point to a particular federal district."  *Atl. Marine*

11 *Const. Co. v. U.S. Dist. Court for W. Dist. of Tex*., 571 U.S. 49, 59 (2013).  "[A] proper

12 application of § 1404(a) requires that a forum-selection clause be given controlling weight in all

13 but the most exceptional cases."  *Id.* at 59-60.

14       Not only is this District a forum the Parties selected in their contract, this District is where

15 Plaintiff chose to file this lawsuit.  Ordinarily, "[t]he defendant must make a strong showing of

16 inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v.*

17 *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Although Defendant argues that

18 this forum has little connection to the events giving rise to this litigation (*see, e.g.,* Dkt. 16 at 6),

19 the Court does not view the nature of the Parties' relationship as a reason to disregard Plaintiff's

20 choice of forum especially where, as here, there is no indication that Plaintiff chose to sue in this

21 District in "an attempt to avoid a different district where the events took place."  *Imran*, 2019 WL

22 1509180, at *3.  To the contrary, Defendant's contract with Plaintiff identified Plaintiff's location

23 as San Francisco, the Parties' contract contained a California choice-of-law provision, and

24 Defendant contractually agreed to subject itself to the personal jurisdiction of this Court.  *See*

25 Dkt. 14-4 ¶ 16.5

26       The first-to-file rule also supports denial of the motion to transfer.  This rule gives a district

27 court discretion to dismiss, transfer, or stay proceedings if a similar case with substantially similar

28 issues and parties was previously filed in another district court.  *Kohn Law Group, Inc. v Auto*

1 *Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628-29 (9th Cir. 1991). "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Kohn Law Group*, 787 F.3d at 1239 (internal quotation marks and citations omitted). When evaluating the first-to-file rule, "courts should be driven to maximize economy, constituency, and comity" and may apply the rule "when a complaint involving the same parties and issues has already been filed in another court." *Id.* at 1239-40 (internal quotation marks and citation omitted). "Thus, in applying the first-to-file rule, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240 (citation omitted). Normally, however, when cases involving the same parties and issues are filed in two different districts, it is the second district court that exercises its discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Imran,* 2019 WL 1509180, at *7. Even so, "it does not follow [] that the first-filed court should ignore those considerations in ruling on a motion to transfer." *Id.* "In other words, the Court should apply the default preference for the first-filed forum [] and grant transfer only if the normal § 1404(a) factors reveal that a later-filed forum is clearly more convenient." *Id.* It is undisputed that this case was filed before the New Jersey case and that the two cases involve the same parties and similar issues. *See* Dkt. 13 at 1; Dkt. 15 at 7. Defendant has not established any reason to deviate from the preference for this District as the first-filed forum.

The Court concludes that on balance, the section 1404(a) factors, together with this Court's familiarity with the governing law, the Parties' forum selection clause, Plaintiff's choice of this forum, and the first-to-file rule, weigh against transferring this case to the District of New Jersey.

////
////
////
////
////
////

7

**V.    CONCLUSION**

Defendant's motion to transfer is **DENIED.**  The Initial Case Management Conference will take place on **April 8, 2025 at 9:30 a.m.**  A Joint Case Management Statement is due on **April 1, 2025.**

**SO ORDERED.**

Dated: February 24, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge